# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALVIN R. SIMMONS, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PENNSYLVANIA COACH LINES, ) <br> COUNTY OF ALLEGHENY, DEPT. OF ) <br> PUBLIC WORKS, JEANNA FISHER, ) <br> MATTHEW A. VIETOMEIER, ) <br> ) <br> Defendants. ) | Civil Action No. 19-455 <br> Judge Nora Barry Fischer |

## MEMORANDUM OPINION

Presently before the Court is *pro se* Plaintiff Alvin R. Simmons' "Application to Proceed in District Court Without Prepaying Fees or Costs," (Docket No. [1]), with attached Complaint, filed on April 22, 2019, (Docket No. [1]), and his Motion to Amend/Correction (sic) the Caption, filed on April 29, 2019, (Docket No. [2]). Plaintiff also filed an additional amendment on this date. After careful consideration of Plaintiff's submissions, and for the following reasons, Plaintiff's Motion [1] is granted as to the in forma pauperis status of pro se Plaintiff Alvin R. Simmons, Jr., only, and his Motion to Amend/Correct the Caption [2] is granted but his Amended Complaint, is dismissed for failure to state a claim upon which relief can be granted.

In so holding, the Court notes that 28 U.S.C. § 1915(e)(2) requires that a District Court review pleadings filed by individuals who are granted in forma pauperis status and mandates that "the court shall dismiss the case at any time if the court determines that … the action … is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Therefore,

1

pursuant to this statute, the Court must dismiss a case "if it lacks arguable merit in fact or law." *Stackhouse v. Crocker*, 266 F.App'x. 189 (2008) (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)). The standard of review for failure to state a claim under section 1915(e)(2) is the same as under Rule 12(b)(6). *See D'Agostino v. CECON RDEC*, 2011 WL 2678876, at *3 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)). That is, the allegations in a pro se plaintiff's complaint must be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), and the Court must "accept all factual allegations in the complaint as true, [and] construe the complaint in the light most favorable to the plaintiff," *see Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). However, a pro se complaint must be dismissed if it does not allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Capogrosso v. Rabner*, 588 F.3d 180, 184-85 (3d Cir. 2009) (applying *Twombly* and *Iqbal* standard to pro se complaints). Finally, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245.

In this Court's estimation, Plaintiff's Amended Complaint is subject to dismissal for failure to state a plausible claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2). To this end, Plaintiff claims that he is pursuing a "civil rights" claim against Defendants but does not specify what statutory or Constitutional provisions they allegedly violated. While he has named Allegheny County and two of its employees as Defendants, he has not made any specific allegations as to what they did to allegedly violate such unspecified rights. Even providing the most liberal construction to Plaintiff's Amended Complaint, it is clear that he has not set forth any

2

cognizable § 1983 claims against the County as he has failed to plead the existence of a municipal policy or custom that caused the alleged violation of her constitutional rights. *See e.g., Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *McTernan v. City of York*, 564 F.3d 636, 657 (3d Cir. 2009). But, "[t]he County may only be held liable for a § 1983 claim under *[Monell]* if there is an underlying constitutional violation and finding of individual liability." *Ford v. County of Hudson, et al.*, --- F. App'x ---, 2018 WL 1640147, at *4, n.4 (3d Cir. Apr. 5, 2018), and there are no such allegations against any individuals set forth in this Complaint. Again, Plaintiff merely lists their names on the civil complaint form.

With respect to the purported claims against Pennsylvania Coach Lines and its bus driver, Cynthia Kokos, the cursory factual allegations set forth in his "Statement of Claim" and "Relief" sections of his Complaint are as follows:

> Denied Bus Rides Due Bais (sic) and Hate Living on Nelli (sic) Island and Hate Due to color and Gay Black Man still Hates in Pittsburgh and Harrassment (sic) By Driver Cindy Who Runs the Pennsylvania Coach Lines Bus and Mental or Deal.
>
> Seek over $50,000 on all Parties
>
> And the Hate and Harrassment (sic) Due Color and sexual harassment by Penn Coach Lines and Police and County Be Stop (sic).

(Docket No. 1-1 at 4). The attachment to his Complaint provides some additional information but little clarity as to what he is alleging occurred:

> And Due no Bus running thur (sic) the Area of Neville Island Due to the Construction and I can't get to Medical Services and due to the sexual harrassment (sic) for some time by the Driver of Pennsylvania Coach Lady and she did take part to set up a Hate crime on or about 3-28-2019 and on going Harrassment (sic) by Ohio Police Dept Due they Don't Like Black People Living in Neville area and on going harrassment (sic) and I was held on

3

> Pennsylvania Coach Bus by false imprisonment exan (sic) by the police false arrest and Held and called niggers and assault on the Bus and been in fear for my life by all parties and due feel rights been violated since 2018 and due to color and Bais (sic) by all Parties and due Health conditions need to go apply and other places due to no Pat Bus running thur (sic) the Neville area and Penn Coach Line driver who runs the Bus thur (sic) the area and Denied me and Police Due Hate.

(Docket No. 1-1 at 6). Plaintiff states in his motion to amend that the bus driver's full name is Cynthia Kokos. He continues that:

> Now since I filed this Complaint I feel I am getting not harrass (sic) by this Defendant. Now on 5-15-2019 I gets a call by Coraopolis Police Dept Around 11:19 a.m. and told I would get a harrassment (sic) complaint in the mail. I do feel since I filed in this matter on this Def Ms. Kokos now harrassment (sic) Def put in fear by the Police Dept Due Hate and Bais (sic) all around this matter. Now I was on 5 Avenue around 750 a.m. waiting for bus to Pittsburgh on 5-15-19. Now this Defendant Cynthia Kokos called me a nigger and on going harrassment (sic). And I am being put in fear by the Police I do feel they will try and hurt me or kill me due to Bais and Hate by White People and Now Coraopolis Police that should be investigated for all reasons as well since I filed in this Civil Rights Complaint 4-22-2019. Now Now Now, Pennsylvania Coach Lines and Ms. Kokos should be noted to the Courts on going harrassment (sic) and ben (sic) told I will be force (sic) out of Neville Island where I live due to Hate And on going Bais (sic) and this should be stop (sic) and civil rights violations and should not be violated any further due to I filed 4-22-2019 CV-19-CV0455 and on 5-15-2019 this Bus Driver Kokos try to hit me with the Pennsylvania Coach Bus as well around 745 a.m. on 5-15-2019 while I tried to cross the street enter Coraopolis and I feel this on going Hate, By Cyntia Kokos and called me a nigger.

(Docket No. 2-2). His incoherent rant continues for another page, making similar complaints. (*Id.*).

Here, Plaintiff has not sufficiently alleged that Pennsylvania Coach Lines or Cynthia Kokos are state actors subject to suit under 42 U.S.C. § 1983. *See e.g., Leshko v. Servis*, 423 F.3d

337, 339 (3d Cir. 2005) ("to state a claim of liability under § 1983, [a plaintiff] must allege that [he] was deprived of a federal constitutional or statutory right by a state actor."). It further appears to the extent that Defendants are private actors, that much of the conduct complained of (alleged sexual harassment and bad treatment of a customer) is not covered by any federal statutes such that this matter must be dismissed. *See e.g., Slaughter v. County of Allegheny*, 2014 WL 12595314, at \*3 (W.D. Pa. Sept. 4, 2014) (citing cases for proposition that Title VII addresses unequal treatment of employees not customers). Insofar as Plaintiff complains of racial discrimination, he has not pled sufficient facts to state an actionable claim under 42 U.S.C. § 1981 against private actors. *See Spencer v. Bloomingdale's King of Prussia*, 2017 WL 6525797, at \*3 (E.D. Pa. Dec. 21, 2017) ("To establish a prima facie case under § 1981, [a plaintiff] must allege: (1) that he is a member of a racial minority; (2) that defendant intended to discriminate against him on the basis of race; and (3) that the discrimination abridged his right to make and enforce a contract."). He merely alleges that Kokos used racial slurs toward him, subjected him to false imprisonment on the bus and tried to hit him with the bus as he crossed the street, facts which do not demonstrate that she interfered with Plaintiff's rights to contract with anyone. *Bridgeforth v. Am. Educ. Servs.*, 412 F. App'x 433, 435 (3d Cir. 2011) ("Essentially, Bridgeforth claimed that Dave used a racial slur in speaking to him on the telephone. Such an act is offensive, but standing alone it does not state a claim under § 1981."). Finally, to the extent that Plaintiff alleges that he was subject to harassment, assault, false imprisonment or some other offensive tortious conduct cognizable under state law theories, the Court declines to exercise supplemental jurisdiction over same. *See* 28 U.S.C. § 1367(c).

For these reasons, the Court finds that Plaintiff's Complaint is subject to dismissal for

failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and Rule 12(b)(6). The Court further holds that, as Plaintiff has failed to sufficiently allege cognizable claims in both his Complaint and Amendment, that any further amendment would be futile and leave to amend will be denied. *See Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). Accordingly,

IT IS HEREBY ORDERED that Plaintiff's motion to proceed in forma pauperis [1] and his motion to amend [2] are GRANTED but his Amended Complaint is DISMISSED. Such dismissal is with prejudice as to any attempted federal causes of action but without prejudice to his pursuit of any state law causes of action against non-diverse Defendants Pennsylvania Coach Lines and Cynthia Kokos in state court. An appropriate Judgment follows.

*s/Nora Barry Fischer*
Nora Barry Fischer, U.S. District Judge

Date: May 24, 2019

cc/ecf: Alvin R. Simmons, Jr., pro se
6900 Riverside Pl.
Pittsburgh, PA 15225
(first class mail).